OPINION
{¶ 1} The issue this appeal presents is whether the rule announced in Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, bars a court from resentencing a defendant to a post-release control sanction when the court failed to impose the sanction in its original sentence.
 {¶ 2} In Hernandez, the defendant sought a writ of habeas corpus requiring his release from a term of imprisonment ordered by the Adult Parole Authority ("APA") upon its finding that the defendant had violated a post-release control sanction ordered by the APA. The defendant contended that his detention was illegal because the trial court that imposed his sentence had not included the potential of a post-release control sanction in its sentence. The Supreme Court agreed and granted the writ.
 {¶ 3} Unlike Hernandez, the present case is before us not on a petition for a writ of habeas corpus but on a direct appeal from a judgment in which the court attempted to correct its prior failure to impose a post-release control sanction by resentencing Defendant-Appellant to the same punishments, but including the sanction. Defendant-Appellant presents a single assignment of error, which states:
 {¶ 4} "THE TRIAL COURT ERRED BY RESENTENCING MR. RUTHERFORD PURSUANT TO AN `AFTER-THE-FACT' HEARING IN VIOLATION OF HIS RIGHT TO DUE PROCESS AND HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY AND EX POST FACTO LEGISLATION. U.S. CONST. ART. I, SECTION 10, FIFTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONST.; R.C. 2953.08."
 {¶ 5} Defendant-Appellant Rutherford was convicted of multiple felonies in 1999. He was sentenced to three years of community control. In 2002, the court found that Rutherford violated his community control sanctions by committing additional felony offenses. The court imposed multiple terms of imprisonment up to four years on the 1999 offenses. It also imposed additional multiple terms of imprisonment for the new offenses, to be served concurrent to the punishments for the 1999 offenses. The court journalized its joint sentencing judgment on August 26, 2002.
 {¶ 6} Neither the 1999 sentence nor the 2002 sentences contained a post-release control sanction, imposed either orally or in the court's journalized judgment. The parties agree that the court erred when it failed to do that with respect to felonies Defendant committed, for which the sanction is statutorily required. Realizing its error, on March 9, 2006 the trial court held a resentencing hearing at which the post-release control sanction was imposed. Other than the post-release control sanction, the reimposed sentences were the same the court had imposed in 2002. The court journalized its judgment on March 29, 2006. This appeal is from that judgment.
 {¶ 7} The holding in Hernandez concerned the APA's authority to subsequently impose a post-release control sanction absent a prior enabling sentence allowing post-release control imposed by the trial court. The sanction, or its potential imposition by the APA upon a defendant's release from incarceration, is an element of the sentence which the court must impose. Woods v. Telb (2000), 89 Ohio St.3d 504. If the court fails to impose a sentence containing the sanction, the APA lacks authority to impose the sanction. Id. However, that rule does not resolve the question that this appeal presents: whether the court may resentence a defendant to the sanction when the court previously failed to impose it. The question presents two issues.
 {¶ 8} The first issue is whether the court lacked jurisdiction to resentence Defendant-Appellant as it did. R.C.2929.14(F) and 2967.28 each required the court to impose a term of post-release control. The requirement must be satisfied at the sentencing hearing and in the court's journalized judgment, and a sentence imposed contrary to those requirements is therefore void. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. Being thus void, the sentences the court imposed in 1999 and 2002 were not a bar to resentencing the Defendant, which is the proper remedy to correct the error of omission. Id.; State v. Beasley
(1984), 14 Ohio St.3d 74; State v. Easterling (April 13, 1994), Greene App. No. 93-CA3-8. Therefore, the trial court did not lack jurisdiction to proceed as it did.
 {¶ 9} Defendant-Appellant argues that the rule of Jordan is incorrect, and that the correct view was announced in Pratts v.Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, in which the Supreme Court wrote that a judgment is void only when the court acts without jurisdiction of the subject matter or the person in the cause involved. We concede that the broad language in Pratts
conflicts with the holding in Jordan, but we are constrained to follow Jordan because it involved the kind of sentencing error which the present case involves.
 {¶ 10} The second issue which the present case presents concerns when the resentencing may take place. In Hernandez,
the Supreme Court emphasized that an "after-the-fact" sanction, one imposed after the offender has completed his term of imprisonment, "would totally frustrate the purpose behind [statutory] notification, which is to make the offender awarebefore a violation of the specific prison term that he or she will face for a violation." Id., at 306. The court drew an analogy to a community control sanction to make its point, but as to both it found a like requirement: the offender cannot be resentenced if he has completed his prison term because the omission in the sentence the court imposed is then no longer subject to correction. The correction must be made while the term of imprisonment continues and post-release sanctions are yet available.
 {¶ 11} When the court journalized its judgment of resentencing on March 19, 2006, Defendant-Appellant was completing service of his four-year prison term in a transitional control program established pursuant to R.C. 2967.26. That section permits the department of rehabilitation and correction to establish such a program "for the purpose of closely monitoring a prisoner's adjustment to community supervision during the final one hundred days of the prisoner's confinement."Id. Defendant therefore had not completed his prison term, and could be resentenced to a post-release control sanction. We find no error in the trial court's imposition of a corrected sentence.
 {¶ 12} Defendant-Appellant has also submitted, as additional authority, decisions of the Supreme Court in two original actions: Adkins v. Wilson, 110 Ohio St.3d 1454, 2006-Ohio-4275, and Cruzado v. Zaleski, 109 Ohio St.3d 1489, 2006-Ohio-2722. Both involved similar sentencing issues. However, in Zaleski,
the court did not decide the issue presented on its merits, but only granted a peremptory writ of prohibition pending a decision on the merits. In Wilson, the trial court apparently attempted to correct its sentencing error with an improper nunc pro tunc entry. Neither holding offers guidance on the issues the present case presents.
 {¶ 13} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Donovan, J., concur.