JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Curtis Simpkins, appeals the trial court's resentencing order, which added post-release control to his prison term. Upon review of the applicable law and for the reasons set forth below, we affirm.
 {¶ 2} On May 21, 1998, appellant pleaded guilty to two counts of rape, in violation of R.C. 2907.02, felonies of the first degree. He also pleaded guilty to one count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the third degree. The record demonstrates that, at the time he entered his guilty pleas, appellant was informed and understood that he would be subjected to five years of post-release control.
 {¶ 3} On June 11, 1998, a sentencing hearing was held, and appellant was sentenced to eight years incarceration on each of the rape counts and three years on the single count of gross sexual imposition. Those terms of incarceration were ordered to run concurrent to one another for an aggregate sentence of eight years, with credit for time served. The trial court failed to mention at the hearing that appellant would be subjected to post-release control upon his release from prison. The journal entry of the June 11th hearing also did not mention post-release control. Appellant was ordered into the custody of the state to commence his prison sentence.
 {¶ 4} In December 2005, prior to appellant's scheduled release from prison, the state filed a motion for resentencing, asserting that appellant's original sentence was void for failure to impose a term of post-release control. A hearing on this motion was held, and the trial court agreed and resentenced appellant to the identical eight-year term it had previously ordered, but added a term of five years of post-release control. An entry was journalized reflecting the resentencing. Appellant's prison term had not yet expired prior to the trial court's resentencing.
 {¶ 5} Appellant now appeals the resentence imposed by the trial court asserting one assignment of error:
 {¶ 6} "I. The trial court erred when it resentenced Mr. Simpkins so as to add post-release control to a sentence that had nearly been completely served."
 {¶ 7} Appellant's argument centers on the Ohio Supreme Court's ruling in Hernandez v. Kelley, 108 Ohio St.3d 395,2006-Ohio-126; however, this appeal is directly in line withState v. Rutherford, Champaign App. No. 06CA13, 2006-Ohio-5132, a recent case decided by the Second Appellate District, which distinguished this issue from Hernandez as follows:
 {¶ 8} "In Hernandez, the defendant sought a writ of habeas corpus requiring his release from a term of imprisonment ordered by the Adult Parole Authority (`APA') upon its finding that the defendant had violated a post-release control sanction ordered by the APA. The defendant contended that his detention was illegal because the trial court that imposed his sentence had not included the potential of a post-release control sanction in its sentence. * * *
 {¶ 9} "Unlike Hernandez, the present case is before us not on a petition for a writ of habeas corpus, but on a direct appeal from a judgment in which the court attempted to correct its prior failure to impose a post-release control sanction by resentencing Defendant-Appellant to the same punishments, but including the sanction." Rutherford, supra at 1-2.
 {¶ 10} As was the case in Rutherford, the trial court here similarly attempted to correct its failure to impose post-release control at sentencing by resentencing appellant. Appellant argues that such resentencing amounts to an "after-the-fact" sanction and is not permitted under Hernandez. This same argument was rejected by the court in Rutherford. We concur with the analysis and ruling in Rutherford and reject appellant's argument.
 {¶ 11} The trial court retained its jurisdiction to resentence appellant. R.C. 2967.28 mandates that a trial court impose a term of post-release control for the offenses to which appellant pleaded guilty; therefore, the trial court must impose post-release control orally at the sentencing hearing and transcribe such imposition in the court's journal entry. Failure to do so renders the sentence void. State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Because appellant's 1998 sentence was void, resentencing was a proper remedy to correct the trial court's original error of omission. Id.; Statev. Beasley (1984), 14 Ohio St.3d 74, 471 N.E.2d 774.
 {¶ 12} Furthermore, the trial court did not err in resentencing appellant when it did. As the court in Rutherford
explained, "[i]n Hernandez, the Supreme Court emphasized that an `after-the-fact' sanction, one imposed after the offender has completed his term of imprisonment, `would totally frustrate the purpose behind [statutory] notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation.' Id. at 306. The court drew an analogy to a community control sanction to make its point, but as to both, it found a like requirement: the offender cannot be resentenced if he has completed his prison term because the omission in the sentence the court imposed is then no longer subject to correction. The correction must be made while theterm of imprisonment continues and post-release sanctions are yetavailable." Rutherford, supra at 5-6. (Emphasis added.)
 {¶ 13} Since the trial court resentenced appellant prior to his release from prison, the correction was clearly made while the term of his imprisonment continued and post-release sanctions were still available. Appellant's assignment of error is without merit and this appeal fails.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., Concur.