THE STATE OF OHIO, APPELLEE, *v.* SIMPKINS, APPELLANT.

[Cite as *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197.]

(No. 2007–0052–Submitted November 7, 2007–Decided March 20, 2008.)

O'CONNOR, J.

### RELEVANT BACKGROUND

{¶ 1} On May 21, 1998, appellant, Curtis Simpkins, pleaded guilty to two counts of rape in violation of R.C. 2907.02, felonies of the first degree, and to one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree. The trial court sentenced Simpkins on June 11, 1998, to a term of eight years' incarceration for each count of rape and to three years' incarceration for the single count of gross sexual imposition, to be served concurrently. Although postrelease control was required, see R.C. 2929.14(F) and 2967.28, the journal

entry on sentencing did not indicate that Simpkins was subject to postrelease control. That error went uncorrected for more than seven years.

{¶ 2} In December 2005, however, the state moved to resentence Simpkins prior to his release from prison. The state asserted that the sentence imposed initially was void because it had not included postrelease control. The trial court held a hearing on the motion while Simpkins was still in custody and agreed that the initial sentence was void. The court resentenced Simpkins to the same sentence of incarceration imposed previously, but added a period of five years' postrelease control. The journal entry for the resentencing hearing reflects the imposition of postrelease control.

{¶ 3} Simpkins appealed, arguing that our decision in *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, does not support the after-the-fact resentencing of a defendant who has nearly completed his sentence. The court of appeals rejected his claim.

{¶ 4} Relying on *State v. Rutherford*, Champaign App. No. 06CA13, 2006-Ohio-5132, 2006 WL 2795380, the court of appeals explained, "The trial court retained its jurisdiction to resentence appellant. R.C. 2967.28 mandates that a trial court impose a term of post-release control for the offenses to which appellant pleaded guilty; therefore, the trial court must impose post-release control orally at the sentencing hearing and transcribe such imposition in the court's journal entry. Failure to do so renders the sentence void. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Because appellant's 1998 sentence was void, resentencing was a proper remedy to correct the trial court's original error of omission. Id.; *State v. Beasley* (1984), 14 Ohio St.3d 74 [14 OBR 511], 471 N.E.2d 774." *State v. Simpkins*, Cuyahoga App. No. 87692, 2006-Ohio-6028, 2006 WL 3317928, ¶ 11.

{¶ 5} We accepted appellant's discretionary appeal, *State v. Simpkins*, 113 Ohio St.3d 1440, 2007-Ohio-1266, 863 N.E.2d 657, which presents a discrete proposition of law: "A defendant who has been sentenced to a term of imprisonment that does not include post-release control may not be sentenced anew in order to add post-release control unless the State has challenged the failure to include post-release control in a timely direct appeal." For the reasons that follow, we reject that proposition.

{¶ 6} We hold that in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence.

{¶ 7} This appeal requires us to balance the doctrine of res judicata, a defendant's interest in the finality of his sentence, and the people's interest in the imposition of lawful, proper sentences.

{¶ 8} Simpkins asserts initially that the state is barred by res judicata from challenging the trial court's failure to include the period of postrelease control. Alternatively, he argues that he had a legitimate expectation of finality in his sentence and that the Double Jeopardy and Due Process Clauses of the federal constitution protect that expectation. We address these arguments in turn.

A

{¶ 9} Appellant suggests that the doctrine of res judicata prevented his resentencing, citing our decisions in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, and *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 39 O.O.2d 189, 226 N.E.2d 104. The appellant's reliance on *Pratts* and *Perry* is understandable but misplaced. *Pratts* and *Perry* address aspects of res judicata doctrine in collateral attacks on voidable judgments and are distinguishable from the specific context of the instant case.

{¶ 10} Here, we consider whether a defendant who was not sentenced properly to a statutorily mandated period of postrelease control can be resentenced if he is still imprisoned and there was no direct appeal from the judge's sentencing error. That question is answered by a discrete line of decisions arising from cases that are more closely analogous to appellant's case.

{¶ 11} Our analysis begins by making a key distinction that has been obscured in our law: the difference between sentences that are void and those that are voidable. We recognize that we have not always used these terms as properly and precisely as possible. See, e.g., *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 34 (Lanzinger, J., concurring) (suggesting that the court had not properly used the term "void" and instead should have used the term "voidable" in referring to the sentences at issue in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103); *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14 ("despite our language in [*State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556] that the specified errors rendered the sentence 'void,' the judgment was voidable and properly challenged on direct appeal"); *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 20–26 (Cook, J., dissenting) (arguing that the majority opinion confused void and voidable judgments).

{¶ 12} In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void

judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. Id.

{¶ 13} Although we commonly hold that sentencing errors are not jurisdictional and do not necessarily render a judgment void, see *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383; *Johnson v. Sacks* (1962), 173 Ohio St. 452, 454, 20 O.O.2d 76, 184 N.E.2d 96 ("The imposition of an erroneous sentence does not deprive the trial court of jurisdiction"), there are exceptions to that general rule. The circumstances in this case—a court's failure to impose a sentence as required by law—present one such exception.

{¶ 14} In a narrow vein of cases running back to 1984, this court has held consistently that a sentence that does not contain a statutorily mandated term is a void sentence. *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774. In *Beasley,* the applicable sentencing statute required the judge to impose a prison term and permitted the judge to impose a fine. Id. at 75, 14 OBR 511, 471 N.E.2d 774. The trial court disregarded the statutory mandate and imposed only a fine. We held that the trial court had exceeded its authority by disregarding the statutory sentencing requirements and that the "attempted sentence" was a nullity and must be considered void. Id.

{¶ 15} Twenty years later, in *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, we applied *Beasley* to a trial court's failure to follow a statute that required the court to notify a defendant that he was subject to postrelease control. We recognized that "[t]he court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And based on the reasoning in *Beasley,* a trial court's failure to notify an offender at the sentencing hearing about postrelease control is error." Id. at ¶ 26. We held that "[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law" and void. Id. at ¶ 23. We thus concluded that the sentence imposed on Jordan must be vacated and that he must be resentenced. Id., citing *Beasley,* 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.

{¶ 16} Two years later, the issue resurfaced in two cases, *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, and *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263. In each case, we were presented with a defendant who had not been properly sentenced to statutorily mandated terms of postrelease control as required by R.C. 2967.28(B). Although we reached different results as to the appropriate remedies for the failure to properly include the postrelease control, our analysis was consistent.

{¶ 17} In *Hernandez*, we held that the defendant could not be resentenced to the period of postrelease control that should have been imposed initially. Our holding there was driven by a critical fact: Hernandez had already completed the term of imprisonment that had been imposed properly by the trial judge. We held that an after-the-fact notification in those circumstances would have circumvented the objectives of R.C. 2929.14(F) and 2967.28, which were enacted to ensure accuracy in sentencing and proper notice to defendants. 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 28–29, citing *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 33. We could not condone a defendant's being held for violating conditions of postrelease control that had not been imposed properly on him and of which he had not been properly notified— particularly when he had completed the portion of the sentence that had been imposed properly.[1] Id. at ¶ 30–32.

{¶ 18} But in *Cruzado*, which involved a defendant who had not yet been released from prison and whose journalized sentence had not expired, the rationale for *Hernandez* was not compelling. Indeed, we expressly distinguished *Cruzado* from *Hernandez*, noting that "[b]ecause Cruzado's sentence had not yet been completed when he was resentenced, [the trial judge] was authorized to correct the invalid sentence to include the appropriate, mandatory postrelease-control term." 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 28.

{¶ 19} Shortly after our decision in *Cruzado*, we returned again to this area in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. In holding that a defendant is entitled to a new sentencing hearing in cases in which his sentence does not include the proper period of postrelease control, we reaffirmed the vitality of *Jordan*. We concluded that because Bezak had not been informed of postrelease control at his sentencing hearing, "the sentence imposed by the trial court is void. 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' (Citations omitted.)"[2] *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868

---

1. After that decision, the General Assembly amended the Revised Code through 2006 Am.Sub.H.B. No. 137, which authorizes the executive branch to impose postrelease control without a court order. See Section 5(A), Am.Sub.H.B. No. 137, eff. July 11, 2006; R.C. 2929.191 and 2967.28(B). The validity of that action has been challenged on constitutional and other grounds, and we agreed to review that issue. *State v. Mosmeyer*, 115 Ohio St.3d 1472, 2007-Ohio-5735, 875 N.E.2d 626. Subsequently, we stayed briefing in that case pending our resolution of this matter. *State v. Mosmeyer*, 116 Ohio St.3d 1435, 2007-Ohio-6518, 877 N.E.2d 988. Because our analysis and disposition in this matter do not address the constitutional claims at issue in *Mosmeyer*, we shall issue an order lifting the stay and directing the parties to proceed with briefing on the merits of the claims in *Mosmeyer*.

2. Although this court was closely divided in *Bezak*, that holding has full force and must be followed in accordance with stare decisis. Despite any individual disagreement with precedent, we abide by

N.E.2d 961, at ¶ 12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223.

{¶ 20} The underpinning of our decisions from *Beasley* to *Bezak* is the fundamental understanding that no court has the authority to substitute a different sentence for that which is required by law. *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811. Because no judge has the authority to disregard the law, a sentence that clearly does so is void.

{¶ 21} Therefore, in circumstances in which the judge disregards what the law clearly commands, such as when a judge fails to impose a nondiscretionary sanction required by a sentencing statute, the judge acts without authority. *Beasley*, 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774. Such actions are not mere errors that render a sentence voidable rather than void. If a judge imposes a sentence that is unauthorized by law, the sentence is unlawful. "If an act is *unlawful* it not erroneous or voidable, but it is wholly unauthorized and void." (Emphasis sic.) *State ex rel. Kudrick v. Meredith* (1922), 24 Ohio N.P. (N.S.) 120, 124, 1922 WL 2015, *3.

{¶ 22} Because a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence. *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 13, citing *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 39 O.O.2d 414, 227 N.E.2d 223.

{¶ 23} A trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so. *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19; *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23. Indeed, it has an obligation to do so when its error is apparent.

{¶ 24} Simpkins argues, and some courts have suggested, that res judicata prevents resentencing. See *State v. Broyles*, Stark App. No. 2006CA00170, 2007-Ohio-487, 2007 WL 352195, ¶ 13, fn. 2 (raising the question whether res judicata should be applied to the state in cases in which the state does not immediately appeal the failure to incorporate mandatory postrelease control into a sentence,

---

it in order to foster predictability and continuity, prevent the arbitrary administration of justice, and provide clarity to the citizenry. *Shay v. Shay*, 113 Ohio St.3d 172, 2007-Ohio-1384, 863 N.E.2d 591, ¶ 26–28, citing *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 43. That result is always proper, but it is perhaps particularly needed in areas of the law that are in flux. Sentencing law was familiar terrain for decades, but the constitutional ground upon which many decisions had been based has shifted in the past few years in a series of significant decisions. See, e.g., *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; see also *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

given the state's right to appeal sentences pursuant to R.C. 2953.08(B)(2) and (G), which had not been enacted when *Beasley* was decided). We conclude that res judicata does not prevent resentencing.

{¶ 25} Res judicata is a rule of fundamental and substantial justice, see *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233, citing *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103, that " 'is to be applied in particular situations as fairness and justice require, and that * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.' " *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 386–387, 653 N.E.2d 226 (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d (1994) 786–787, Judgments, Section 522, and citing *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 202, 2 OBR 732, 443 N.E.2d 978. We would achieve neither fairness nor justice by permitting a void sentence to stand.

{¶ 26} Although res judicata is an important doctrine, it is not so vital that it can override "society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just." *Beasley*, 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774.

{¶ 27} Every judge has a duty to impose lawful sentences. "Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the courts perform their duties pursuant to established law." *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 24. The interests that underlie res judicata, although critically important, do not override our duty to sentence defendants as required by the law.

{¶ 28} Similarly, a prosecutor cannot bind the people or a court to an unlawful or otherwise void sentence by failing to appeal it properly.

{¶ 29} Neither constitutional principles nor the doctrine of res judicata requires that sentencing become a game in which a wrong move by the judge or prosecutor means immunity for a defendant. See *Bozza v. United States* (1947), 330 U.S. 160, 166–167, 67 S.Ct. 645, 91 L.Ed. 818.

{¶ 30} Although res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence, *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, we have not applied res judicata to cases in which the sentence was void. We decline to do so now. "[W]here no statutory authority exists to support a judgment, res judicata does not act to bar a trial court from correcting the error." *State v. Ramey*, Franklin App. No. 06AP–245, 2006-Ohio-6429, 2006 WL 3518010, ¶ 12. See also *State v. Barnes*, Portage App. No. 2006–P–0089, 2007-Ohio-3362, 2007 WL 1881509, ¶ 49–51; *State v. Rodriguez* (1989), 65 Ohio App.3d 151, 154, 583 N.E.2d 347 (Quillin, J., dissenting) ("A void judgment can be attacked in post-conviction relief proceed-

427

ings even if the matter could have been, but was not, raised on direct appeal. If the appellants' sentences are void, the doctrine of *res judicata* is inapplicable").

B

{¶ 31} We now address an alternative argument raised by appellant: that he may not be resentenced because he had completed a substantial majority of his sentence at the time of resentencing and had a cognizable interest in the finality of his sentence. In support of his contention, he relies upon generalized due-process and double-jeopardy arguments that fail to establish his claim.

{¶ 32} We do not dispute that the Double Jeopardy Clause was designed, in part, to preserve the finality and integrity of judgments. *Crist v. Bretz* (1978), 437 U.S. 28, 33, 98 S.Ct. 2156, 57 L.Ed.2d 24; *United States v. Scott* (1978), 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65. But the United States Supreme Court's decisions in the sentencing area also "clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal." *United States v. DiFrancesco* (1980), 449 U.S. 117, 134, 101 S.Ct. 426, 66 L.Ed.2d 328. Although the Fifth Amendment to the United States Constitution imposes no absolute bar against an order increasing a defendant's sentence, the Due Process Clause forbids any increase for the purpose of punishing a defendant for appealing or for deterring other appeals. See, e.g., *North Carolina v. Pearce* (1969), 395 U.S. 711, 723–726, 89 S.Ct. 2072, 23 L.Ed.2d 656; see also *Ex Parte Lange* (1873), 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872.

{¶ 33} As the federal appellate courts have recognized, " 'a trial court not only *can* alter a statutorily-invalid sentence in a way which might increase its severity, but *must* do so when the statute so provides.' " *Breest v. Helgemoe* (C.A.1, 1978), 579 F.2d 95, 99, quoting *Thompson v. United States* (C.A.1, 1974), 495 F.2d 1304, 1306 (emphasis in *Thompson*). "Even after the defendant has commenced to serve his sentence, that power and that obligation continue." Id., citing *United States v. Davis* (C.A.D.C.1977), 561 F.2d 1014. In cases in which the increase to the defendant's sentence is due to a "legally incomplete" sentence rather than in response to a mistake of fact, a change of heart, or vindictiveness, we find no due-process or other constitutional violation. See id. at 101. Accord *United States v. Halper* (1989), 490 U.S. 435, 450, 109 S.Ct. 1892, 104 L.Ed.2d 487 (indicating that in the multiple-punishments context of the Double Jeopardy Clause, the constitutional interest is "limited to ensuring that the total punishment did not exceed that authorized by the legislature").

{¶ 34} In reaching the conclusion that there is no constitutional violation here, we recognize that Simpkins had completed the vast majority of his sentence at the time of his resentencing. We are also aware that some courts have expressed "concern that the power of a sentencing court to correct even a statutorily invalid

sentence must be subject to some temporal limit" imposed by due process and fundamental fairness. *Breest*, 579 F.2d at 101. See also *United States v. Arrellano–Rios* (C.A.9, 1986), 799 F.2d 520, 525, fn. 3, and cases cited therein. Accord *Hernandez*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. Although Simpkins was near the end of a significant sentence, we discern no unfairness in his resentencing and no violation of due process.

{¶ 35} As we explained recently in *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 80–81, due-process rights are malleable ones that are designed to ensure that individuals are treated with fundamental fairness in light of the given situation and the interests at stake.

{¶ 36} Where, as here, the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it. *United States v. Crawford* (C.A.5, 1985), 769 F.2d 253, 257–258; *Jones v. Thomas* (1989), 491 U.S. 376, 395, 109 S.Ct. 2522, 105 L.Ed.2d 322 (Scalia, J., dissenting) (noting that a "defendant could not argue that his *legitimate* expectation of finality in the original sentence had been violated, because he was charged with knowledge that the court lacked statutory authority to impose the subminimum sentence in the first instance" [emphasis sic] ). See also *Warnick v. Booher* (Okla.Crim.App. 2006), 2006 OK CR 41, 144 P.3d 897, ¶ 21 ("Any clerical error in [the Department of Corrections'] recordkeeping regarding the accumulation and/or reduction of credits and the completion date of the sentence is not grounds for release and does not create any expectation of finality short of serving the entirety of the actual sentence imposed").

{¶ 37} Given that the sentence was issued without the authority of law and that Simpkins was represented by counsel, we find that there was no unfair surprise or prejudice to Simpkins in his resentencing. Because he did not have a legitimate expectation of finality in his sentence, Simpkins could be resentenced without offending the Double Jeopardy or Due Process Clauses.[3] See *United States v. Fogel* (C.A.D.C.1987), 829 F.2d 77, 87.

---

3. The record before us does not include a transcript of the plea hearing. We note, however, that the transcript of the resentencing hearing, which is before us, shows that the judge who resentenced Simpkins stated that she had "a transcript of the plea agreement, which indicates that this defendant was aware at the time of his plea that there would be a five year post release control sanction once he was released from a state facility." In addition, the court of appeals found that the record before it demonstrated that "at the time he entered his guilty pleas, appellant was informed and understood that he would be subjected to five years of post-release control." *State v. Simpkins*, Cuyahoga App. No. 87692, 2006-Ohio-6028, 2006 WL 3317928, ¶ 2. Although it is not dispositive to our holding, we observe that if Simpkins was advised at the time of his plea that he would be subject to postrelease control, he was on notice of the postrelease-control portion of his sentence and should not have been surprised by the state's efforts to have it imposed properly.

{¶ 38} In some circumstances, including the completion of a sentence, it may be reasonable to find that a defendant's expectation of finality in his sentence has become legitimate and must be respected. We find that this is not such a case, however, and thus leave that determination for another day.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

---

**LANZINGER, J., dissenting.**

{¶ 39} The real question here is how a sentencing error involving postrelease control should be characterized and when it should be corrected. The majority holds that Simpkins's sentence was "void" and a nullity from the beginning. As a result, it entitles the state to a new sentencing hearing in this case. I respectfully dissent.

{¶ 40} The holding that a sentence imposed with a missing mandatory term is void rather than voidable once again obscures the distinction between these two legal concepts in the context of a criminal case. The distinction is more than a matter of semantics, for it relates both to the authority of a court and to the allowable time frame for correction of a sentencing error.

{¶ 41} We have distinguished a void judgment from a voidable judgment by explaining that a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but in which the court's judgment is *invalid, irregular, or erroneous*. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 27. We have clarified that a void judgment is one that has been imposed by a court "lacking subject-matter jurisdiction or the authority to act." Id.

{¶ 42} Our precedent has properly linked the term void to those sentences imposed without the court's jurisdiction. See *State v. Wilson* (1995), 73 Ohio St.3d 40, 44, 652 N.E.2d 196; *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14. This court has explained that " '[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. *Any subsequent error in the proceedings is only error in the "exercise of jurisdiction,"* as distinguished from the want of jurisdiction in the first instance.' " (Emphasis added.) *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867, quoting *In re Waite* (1991), 188 Mich.App. 189, 199–200, 468 N.W.2d 912.

{¶ 43} Nevertheless, now taking a step backwards, the majority characterizes the mistake of failing to notify the defendant and of omitting a term of mandatory postrelease control, not as an erroneous exercise of the court's jurisdiction, but as an "unlawful" act or an act without jurisdiction altogether. By nullifying the entire sentence, the majority basically grants the state an unlimited opportunity to challenge a sentence.[4]

{¶ 44} There is no question that the trial court had the authority to sentence Simpkins and therefore was not "lacking subject-matter jurisdiction or the authority to act" in this matter. Rather, the trial court erred in the exercise of its authority. We have held consistently that sentencing errors are not jurisdictional. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038. We have confined defendants to their adequate remedies in the ordinary course of law, by appeal and postconviction relief, for review of any alleged sentencing error. *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084; *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 529 N.E.2d 929. In *Payne*, we held that "defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30. The same rule should hold true for the state.[5]

{¶ 45} The majority refers to a "narrow vein of cases" in which "this court has consistently held that a sentence that does not contain a statutorily mandated term is a void sentence." ¶ 14. I submit that these cases were wrongly decided on this point and that they use the word "void" to mean invalid or "contrary to law" within the meaning of R.C. 2953.08(A)(4) and (B)(2). For example, *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, was a direct appeal of a case in which the mandatory notification of postrelease control was missing. The Jordan court recognized that it was vacating the sentence on grounds that the sentence was "contrary to law." Id. at ¶ 23.

{¶ 46} Sentencing courts' failures to comply with other mandatory provisions of the criminal code have not rendered those judgments void. In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the defendant's original sentence was not nullified for the failure to provide, at the time of the sentencing, the mandatory notification of the specific prison term that may be imposed for a

---

4. Although the majority states that in some circumstances it may be reasonable to find that a defendant had an expectation of finality, completing seven years of an eight-year sentence is apparently not sufficient.

5. The state has the right to be present at the sentencing hearing, R.C. 2929.19(A)(1), and to object to a sentence that does not contain a mandatory term. Furthermore, by enactment of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7563, the state has been given the right to appeal any sentence imposed "contrary to law." R.C. 2953.08(B)(2).

violation of the conditions of community control. Instead, the trial court was prohibited from imposing a prison term as a sanction for violation of community control. In *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, this court held that the failure to convene the mandatory three-judge panel in a death penalty case rendered the judgment not void but voidable, and denied a writ of habeas corpus because the defendant should have challenged the procedure on direct appeal.

{¶ 47} There is danger in the majority's holding. A judgment declared void is susceptible to collateral attack at any time, and a defendant has a right to a writ of habeas corpus when a judgment is void due to lack of jurisdiction despite the availability of alternative remedies such as appeal. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99–100, 666 N.E.2d 1091. But habeas is not a proper remedy for an error in the exercise of a court's jurisdiction for which there is an adequate remedy by way of appeal. *Kelley,* 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14.

{¶ 48} If, as the majority states, the sentencing judgment is "a mere nullity and the parties are in the same position as if there had been no judgment," ¶ 19, we face troublesome consequences. A sentence that is null and void impairs the underlying conviction as a final appealable order, see Crim.R. 32(C), and therefore a defendant may be able to appeal the underlying conviction when the judge eventually imposes a nonvoid sentence and time begins to run for appeal. Arguably, any defendant serving a void sentence should be entitled to a writ of habeas corpus for being held pursuant to a void sentence or should be able to file a motion to withdraw a plea of guilty or no contest and have it freely and liberally granted under the standard in *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, instead of being required to show a manifest injustice under Crim.R. 32.1.

{¶ 49} Thus, use of the term "void" in referring to sentencing error leads us astray. Erroneous sentences are, in fact, contrary to law and thus are subject to resentencing after a successful appeal. As part of its comprehensive legislative enactment, the General Assembly broadened the state's rights of appeal. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136. However, those rights are subject to appropriate limits. Res judicata prevents sentences from being attacked ad infinitum. *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 39 O.O.2d 189, 226 N.E.2d 104. Because the state did not object at the June 11, 1998 sentencing hearing or file its appeal as of right pursuant to R.C. 2953.08(B)(2), I would hold that res judicata applies.

{¶ 50} This conclusion is also consistent with the General Assembly's most recent expression of the meaning of postrelease control as part of a sentence. Effective July 11, 2006, Am.Sub.H.B. No. 137 authorizes a judge to correct a

sentence when an offender was not properly notified of mandatory postrelease control or did not have postrelease control included in the sentencing entry pursuant to R.C. 2929.14(F). The court, "at any time before the offender is released from imprisonment under [the prison] term," may prepare and issue a "correction" that will include postrelease control after the offender leaves prison. There is to be a hearing to notify the defendant beforehand. R.C. 2929.191.[6]

{¶ 51} Nevertheless, in this case, Simpkins was released from prison prior to the effective date of the postrelease-control-correction statute. The court had no jurisdiction over him at that time, because he had already served his eight-year prison term. *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

### Conclusion

{¶ 52} I would hold that in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is contrary to law, and the state has an appeal as of right pursuant to R.C. 2953.08(B)(2). Because the state's appeal as of right was not taken in this case, I would reverse the judgment of the Court of Appeals for Cuyahoga County and hold that res judicata prevented the court from resentencing appellant, Curtis Simpkins.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and David M. King and John T. Martin, Assistant Public Defenders, for appellee.

---

6. Challenges to this statute and R.C. 2967.28(B) are currently pending in this court. *State v. Mosmeyer,* 115 Ohio St.3d 1472, 2007-Ohio-5735, 875 N.E.2d 626.