OPINION
{¶ 1} Shawn M. Houston's (Appellant) court-appointed appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any meritorious issues for our review. We then issued an *Page 2 
order granting Mr. Houston sixty days to file a pro se brief assigning any errors for our review. The sixty-day period expired without a response from Mr. Houston.
 {¶ 2} Anders requires us to conduct a full examination of all proceedings and to appoint new counsel to assist Mr. Houston if we find any issues for review that are not wholly frivolous. Id. at 744; see, also, Penson v. Ohio (1988), 488 U.S. 75, 76, 109 S.Ct. 346,102 L.Ed.2d 300. After reviewing the record in this case, we have not found such an issue. Therefore, we will affirm the judgment of the trial court.
 {¶ 3} In 1999, Mr. Houston pleaded guilty to one count of kidnaping and two counts of rape. The trial court sentenced him to nine years for kidnaping and nine years for each rape. The rape sentences were ordered to run concurrent to each other but consecutive to the kidnaping sentence, for a total sentence of eighteen years.
 {¶ 4} In June 2008, Mr. Houston returned to court for the purpose of resentencing. It seems the original sentencing court failed to tell him of mandatory post-release control sanctions that will be imposed on him after he is released from prison. At a brief hearing, the trial court resentenced Mr. Houston to the same sentence and clearly told him that he must serve five years of post-release control. The court further warned him of the consequences he could face from a violation of the control sanctions. Mr. Houston appeals his resentencing.
 {¶ 5} Mr. Houston's counsel, in his Anders brief, acknowledges the case of State v. Simpkins in which the Ohio Supreme Court expressly held that "in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the *Page 3 
defendant unless the defendant has completed his sentence."117 Ohio St.3d 420, 2008-Ohio-1197, at ¶ 6. This is precisely what happened in Mr. Houston's case.
 {¶ 6} Counsel nevertheless suggests the Simpkins holding (and therefore Mr. Houston's resentencing) violates the doctrine of res judicata and the Double Jeopardy Clause of the United States Constitution. The defendant in Simpkins made the same arguments (and also argued the Due Process Clause was violated), but the Court expressly rejected them. With respect to res judicata, the Court concluded, "Although res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence, we have not applied res judicata to cases in which the sentence was void. We decline to do so now." Id. at ¶ 30 (Citation omitted.). With respect to the constitutional clauses, the Court concluded that "[b]ecause he did not have a legitimate expectation of finality in his sentence, Simpkins could be resentenced without offending the Double Jeopardy or Due Process Clauses." Id. at ¶ 37. We are bound to resolve these issues likewise.
 {¶ 7} We find neither arguable merit in counsel's assertions, nor any other issue of arguable merit. Therefore, the judgment of the trial court is affirmed.
FAIN and FROELICH, JJ., concur.
Copies mailed to:
Mathias H. Heck, Jr. Carley J. Ingram Marshall G. Lachman Hon. Barbara P. Gorman *Page 1