[Cite as *State v. Bachman*, 2011-Ohio-6151.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee, | Hon. Sheila G. Farmer, J. |
| | Hon. Julie A. Edwards, J. |
| v. | |
| | Case No. 2011CA00125 |
| RONALD D. BACHMAN, | |
| | |
| Defendant-Appellant. | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 1995-CR-0300


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 28, 2011


APPEARANCES:


For Plaintiff-Appellee                  For Defendant-Appellant


JOHN D. FERRERO                         RONALD D. BACHMAN, PRO SE
PROSECUTING ATTORNEY,                   Inmate No. A311-224
STARK COUNTY, OHIO                      Richland Correctional Institution
                                        P.O. Box 8107
By: RONALD MARK CALDWELL                Mansfield, Ohio 44901
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶ 1} Defendant-appellant Ronald Bachman appeals the May 11, 2011 Judgment Entry entered by the Stark County Court of Common Pleas resentencing him to properly address the imposition of court costs.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶ 2}  On April 4, 1995, the Stark County Grand Jury indicted Appellant Ronald Bachman on four counts of rape, one count of sexual battery, one count of corruption of a minor and one count of gross sexual imposition. The four counts of rape each contained a force specification. These charges were based on allegations Appellant sexually abused his daughter from the time she was five years old.

{¶ 3}  Appellant was tried before a jury, which found him guilty as charged in the indictment.

{¶ 4}  By Judgment Entry filed July 27, 1995, and a Nunc Pro Tunc Entry filed August 29, 1995, the trial court sentenced Appellant to the mandatory life sentences on the four rape convictions and imposed a determinate term of two years on all the remaining charges. The sentences were then either merged or imposed to run concurrently with each other.

{¶ 5} This Court affirmed Appellant's conviction via Judgment Entry of September 23, 1996, *State v. Bachman* Stark App. No. 1995-CA-00266.

{¶ 6}  In April, 2004, an action was filed in the Stark County Court of Common Pleas recommending that Appellant be classified a sexual predator.

**{¶ 7}** On April 12, 2004, a hearing was held to determine Appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed April 20, 2004, the trial court classified Appellant a "sexual predator."

**{¶ 8}** Appellant filed an appeal and this Court upheld such classification.

**{¶ 9}** On March 24, 2008, Appellant filed a motion for a new trial and on July 10, 2009, Appellant filed a motion for resentencing. Via Judgment Entry of April 29, 2010, the trial court denied Appellant's motion for new trial. Appellant filed an appeal with this Court. This Court affirmed the trial court's denial of Appellant's motion for new trial via Judgment Entry of November 22, 2010.

**{¶ 10}** Via Entry of April 23, 2011, the trial court notified Appellant of a limited resentencing hearing solely on the imposition of court costs. The video resentencing was scheduled for May 3, 2011. On April 29, 2011, Appellant filed a sentencing memorandum and a motion for mistrial. On May 3, 2011, the trial court resentenced Appellant, and via Judgment Entry of May 11, 2011, denied Appellant's sentencing memorandum and motion for mistrial. The court further denied Appellant's waiver of court costs, but granted Appellant's motion for time served.

**{¶ 11}** Appellant now appeals, assigning as error:

**{¶ 12}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION FOR MISTRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶ 13}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

WHEN IT HELD A RESENTENCING HEARING TO CORRECT ERRORS IN THE IMPOSITION OF COURT COST."

I & II

{¶ 14} The alleged errors assigned by Appellant raise common and interrelated issues; therefore, we will address Appellant's arguments together.

{¶ 15} Appellant asserts he was entitled to a de novo sentencing hearing due to the trial court's alleged error in imposing court costs at his original sentencing. The sole argument raised in Appellant's motion for resentencing was the entry originally issued by the trial court was void because it included the imposition of court costs which were not orally imposed at the sentencing hearing.

{¶ 16} As set forth in the statement of the case, supra, the trial court conducted a limited resentencing hearing on May 3, 2011. At the limited resentencing hearing, Appellant moved the trial court to waive court costs. The trial court overruled the motion in its May 11, 2011 Judgment Entry.

{¶ 17} In *State v. Joseph* 125 Ohio St.3d 76, 2010-Ohio-954, the Ohio Supreme Court held:

{¶ 18} "Here, Joseph was not given an opportunity at the sentencing hearing to seek a waiver of the payment of costs, because the trial court did not mention costs at the sentencing hearing. Joseph argues that the court's failure to orally inform him of court costs is akin to a court's failure to alert a defendant at his sentencing hearing to the court's imposition of postrelease control. When postrelease control is statutorily mandated-thus leaving no discretion with the trial judge in regard to its imposition-we have held that failure of the judge to notify the defendant on the record regarding

postrelease control results in a void sentence, necessitating complete resentencing. *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

**{¶ 19}** "***

**{¶ 20}** "While the failure of the court to orally notify Joseph that it was imposing court costs on him does not void Joseph's sentence, it was error: Crim.R. 43(A) states that a criminal defendant must be present at every stage of his trial, including sentencing. The state urges that any error is harmless. However, Joseph was harmed here. He was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court. He should have had that chance.

**{¶ 21}** "We therefore remand the cause to the trial court for the limited purpose of allowing Joseph to move the court for a waiver of the payment of court costs. Should Joseph file such a motion, the court should rule upon it within a reasonable time.

**{¶ 22}** "Accordingly, we affirm the judgment of the court of appeals insofar as it held that Joseph is not entitled to a complete resentencing. ***"

**{¶ 23}** Accordingly, the Court in *Joseph* expressly limited resentencing proceedings on court costs to the limited issue of the proper imposition of court costs. It did not find the judgment entry was void. We find the situation is not analogous to when a trial court fails to properly impose mandatory post release control. Therefore, we conclude the trial court did not error in limiting the resentencing hearing to the issue of the proper imposition of court costs.

**{¶ 24}** Furthermore, we find Appellant's arguments relative to his motion for a mistrial are barred by the doctrine of res judicata as they were previously raised or

were capable of being raised on direct appeal. *State of Szefcyk* (1996), 77 Ohio St.3d 93.

The May 11, 2011 Judgment Entry of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer,  and Edwards, JJ., concur.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO,      :
            :
 Plaintiff-Appellee,    :
            :
v.           :    JUDGMENT ENTRY
            :
RONALD D. BACHMAN,   :
            :
 Defendant-Appellant.   :    Case No. 2011CA00125

For the reasons stated in our accompanying Opinion, the May 11, 2011 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer
HON. SHEILA G. FARMER

s/ Julie A. Edwards
HON. JULIE A. EDWARDS