[Cite as *State v. Smith* , 2018-Ohio-2938.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106486**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WILLIE SMITH**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-95-325283-ZA

**BEFORE:** McCormack, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 26, 2018

**FOR APPELLANT**

Willie Smith, pro se
Inmate No. 312990
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Katherine Mullin
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH    44113

TIM McCORMACK, P.J.:

{¶1}    Defendant-appellant Willie Smith ("Smith") appeals the trial court's denial of his common law motion to correct void judgment.    For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶2}    This appeal stems from Smith's 1995 criminal convictions.    Smith was indicted in one case with two counts of aggravated murder with felony and firearm specifications and one count of having a weapon while under disability.    He was indicted in another case with one

count of kidnapping, and the cases were consolidated for trial. A jury found Smith guilty of one count of aggravated murder and one count of kidnapping and not guilty of the remaining counts and specifications. The trial court sentenced Smith to 10 to 25 years for kidnapping and a term of life for aggravated murder, to run consecutively.

{¶3} Smith appealed his conviction, raising 12 assignments of error, including inconsistent verdicts. This court affirmed Smith's convictions in 1997. *State v. Smith*, 8th Dist. Cuyahoga Nos. 69799, 70451, 71643, 1997 Ohio App. LEXIS 4892 (Nov. 6, 1997).

{¶4} Smith also filed a motion for a new trial and a petition for postconviction relief. The trial court denied both the motion and petition, and this court affirmed the trial court's judgment. *State v. Smith*, 8th Dist. Cuyahoga No. 78229, 2001 Ohio App. LEXIS 2076, 1 (May 10, 2001). Smith subsequently filed another motion for a new trial. This motion was also denied. Smith appealed again, and this court dismissed the appeal. Smith filed a second petition for postconviction relief in 2009, and this too was denied. On appeal, this court again affirmed the trial court's decision.

{¶5} On June 21, 2017, Smith filed a common law motion to correct void judgment, arguing that the trial court imposed a void sentence in 1995. According to Smith,

> the jury acquitted [him] of aggravated murder in [C]ount 3 when the jury made a unanimous factual finding beyond a reasonable doubt of "not guilty" on the felony-murder specifications attached to the aggravated murder and that [finding] negated one or more of the essential elements of the aggravated murder as charged in [C]ount 3.

The trial court denied this motion, and Smith appealed, presenting two assignments of error for our review.

**Law and Analysis**

{¶6} In Smith's first assignment of error, he argues that the trial court abused its discretion when it denied his common law motion to correct void judgment. In his second assignment of error, he argues that the trial court imposed a sentence that is contrary to law when it failed to impose a mandatory consecutive sentence pursuant to former R.C. 2929.41(B)(3).

{¶7} In Smith's motion to correct void judgment, he argues that because the jury found him not guilty of the felony murder specification, this effectively negated an essential element of the aggravated murder offense. This, according to Smith, operates as an acquittal, and therefore, his conviction and sentence for aggravated murder was improper following this acquittal.

{¶8} Smith attempts to avoid the procedural obstacles to his case by arguing that his conviction is void. A void judgment is not subject to the legal principles of res judicata, and may be challenged at any time. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. Here, however, despite Smith's insistence to the contrary, his argument that his conviction and sentence are void is based on an argument that has previously been raised on direct appeal. The argument in his first assignment of error, therefore, is barred by res judicata.

{¶9} In Smith's initial direct appeal, he argued that the trial court erred in accepting inconsistent verdicts. Specifically, he contended that it was inconsistent for the jury to find him guilty of aggravated murder and not guilty of the corresponding firearm specification. This court affirmed Smith's conviction, holding that "a finding upon a specification cannot change the finding of guilt as to the principal charge since specifications are considered only after, and in addition to, the finding of guilt upon the principal charge." *State v. Smith*, 8th Dist. Cuyahoga Nos. 69799, 70451, and 71643, 1997 Ohio App. LEXIS 4892, 26 (Nov. 6, 1997).

**{¶10}** Here, Smith claims that he is not making a claim of inconsistent verdicts. Despite his attempt to characterize this argument so as to avoid res judicata, we find no meaningful difference between the arguments in his first assignment of error and those addressed by this court in 1997.

**{¶11}** Smith was found guilty of aggravated murder, in violation of R.C. 2903.01, for "unlawfully and purposely causing the death of another, to wit: Gary Reginald Lewis, while committing or attempting to commit or while fleeing immediately after committing or attempting to commit, Kidnapping." He was found not guilty of the corresponding felony murder specification, as follows:

> And the offense presented above was committed while the offender was committing, attempting to commit or fleeing immediately after committing or attempting to commit kidnapping and either the offender was the principal offender in the commission of the Aggravated Murder or, if not the principal offender, committed the Aggravated Murder with prior calculation and design.

Smith argues that because he was found not guilty of the felony murder specification, of which one of the elements was that the offense was committed contemporaneously with kidnapping, he was actually acquitted of aggravated murder. This requirement of contemporaneous commission was an essential element of aggravated murder. According to Smith, the finding of not guilty for the specification operates to negate that element in aggravated murder. Therefore, his first assignment of error alleges that one element of a specification for which he was found not guilty negates another element of an offense for which he was found guilty. This claim is clearly barred by res judicata.

**{¶12}** In his second assignment of error, Smith argues that the trial court imposed a sentence contrary to law by failing to impose a mandatory consecutive sentence in compliance with former R.C. 2929.41(B)(3). Because the record reflects that the trial court imposed

consecutive sentences for aggravated murder and kidnapping, we find this assignment of error meritless.

{¶13} Therefore, we affirm the trial court's denial of Smith's motion to correct void judgment.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR