OPINION
{¶ 1} Appellant, Russell J. Biondo, appeals the January 25, 2002 judgment entry of the Portage County Court of Common Pleas, in which he was found guilty and sentenced for aggravated possession of methamphetamine.
 {¶ 2} On August 17, 2001, appellant was indicted on: one count of illegal manufacture of drugs, in violation of R.C.2925.04, a felony of the second degree; two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(C)(1)(a), a felony of the fourth degree; one count of possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, a felony of the third degree; one count of aggravated possession of drugs,[1] in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree; and one count of possessing criminal tools, in violation of R.C. 2923.24(A)(C), a felony of the fifth degree.
 {¶ 3} At the arraignment, appellant entered a plea of not guilty to the charges, and a plea hearing took place on November 6, 2001. At the hearing, appellant entered a plea of guilty to the aggravated possession of methamphetamine charge. On that same date, appellant also withdrew his not guilty plea and entered a written plea of guilty to the aggravated possession of methamphetamine charge. Upon motion of the state, the trial court entered a nolle prosequi with regard to the remaining charges.
 {¶ 4} A sentencing hearing took place on January 22, 2002, which was journalized in an entry dated January 25, 2002. Appellant was sentenced to the Ohio Department of Rehabilitation for six years and fined $7,500. After about one year, appellant filed a motion to pursue a delayed appeal pursuant to App.R. 5(A). This court granted the motion, and appellant now assigns a single assignment of error relating the conviction and sentence that was previously handed down by the trial court:
 {¶ 5} "The trial court erred by accepting appellant's plea of guilty plea [sic] without first determining whether appellant understood the effect of the plea."
 {¶ 6} Under appellant's sole assignment of error, he asserts that the trial court erred by accepting his guilty plea without first determining whether he understood the effect of his plea. Specifically, appellant argues that the trial court failed to comply with Crim.R. 11(C)(2)(b) because it did not inform him that the effect of a guilty plea was a complete admission of his guilt to the charge.
 {¶ 7} Crim.R. 11(C)(2)(b) states that: "[i]n felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea * * * without first addressing the defendant personally and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 8} Therefore, Crim.R. 11(C)(2)(b) requires the trial court to determine that a defendant understand the effect of his plea and that upon acceptance of the plea, the trial judge will sentence him. In his brief, appellant relies on State v.Roberson (June 20, 1997), 2d Dist. No. 16052, 1997 WL 335137, to support his argument. In Roberson, it does not appear that the trial court explained to the defendant that by pleading guilty, it could immediately impose sentence on her. Thus, the Second Appellate District vacated the defendant's guilty plea because the trial court breached its mandatory duty to inform her of the effect of a guilty plea prior to accepting the plea.
 {¶ 9} This court, however, has specifically rejected the Second District's holding in Roberson. In State v. Mallon
(Dec. 17, 1999), 11th Dist. No. 98-T-0032, 1999 WL 1297603, at 5, citing State v. McKee (June 19, 1998), 11th Dist. No 97-T-0036, 1998 Ohio App. LEXIS 2767, at 6-7, this court held that a guilty plea is not automatically invalidated simply because the trial court fails to advise a defendant that such plea is a complete admission of guilt.
 {¶ 10} Instead, we concluded that the Crim.R. 11(C)(2)(b) requirement is nonconstitutional in nature and, consequently, substantial compliance is all that is required. Mallon, supra, at 5. Hence, the key question is whether the trial court substantially complied with the spirit of Crim.R. 11(C)(2)(b). Id. See, also, State v. Gruber (Nov. 9, 2001), 11th Dist. No. 2000-L-031, 2001 WL 1401943, at 4.
 {¶ 11} In the case sub judice, a review of the transcript from the plea hearing reveals that appellant comprehended the effect of his guilty plea. The court detailed the elements of the crimes and explained that by pleading guilty, appellant was waiving various constitutional rights listed in Crim.R. 11(C)(2) as well as his right to appeal. Moreover, the court recited the potential penalties for each offense and informed appellant that it could proceed to judgment and sentencing upon the acceptance of his guilty pleas. Appellant indicated that he understood that sentence could be imposed immediately. The record further does not demonstrate that appellant attempted to withdraw his plea or tried to make any objections at the time of his plea.
 {¶ 12} Thus, in our view, the trial court substantially complied with all of the requirements of Crim.R. 11(C)(2)(b) as a whole, and under the totality of the circumstances, appellant subjectively understood the implications of his plea and his waiver of rights. Accordingly, under these circumstances, appellant cannot successfully argue that his guilty plea was not made knowingly, intelligently, or voluntarily.
 {¶ 13} For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
Christley and Grendell, JJ., concur.
[1] On October 19, 2001, in an amended indictment, another count was added charging appellant with aggravated possession of methamphetamine, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the second degree. On October 26, 2001, appellant again entered a plea of not guilty to the charges contained in the amended indictment.