DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lori Weems, appeals the decision of the Summit County Court of Common Pleas, which found her guilty of aggravated burglary. This Court reverses and remands.
 I. {¶ 2} In January 2004, appellant was indicted by the Summit County Grand Jury on one count of aggravated burglary. In March 2004, the Summit County Grand Jury supplemented the original indictment with two counts of aggravated robbery and three gun specifications.
 {¶ 3} On May 7, 2004, appellant pled guilty to one count of aggravated burglary, and the remaining counts of the indictment were dismissed. The trial court accepted appellant's guilty plea, found her guilty, and sentenced her accordingly.
 {¶ 4} Appellant timely appealed, setting forth four assignments of error for review. Appellant's four assignments of error have been combined for ease of discussion.
 II. First Assignment of Error
"The trial court failed to notify the defendant of the mandatory five year period of post-release control pursuant to R.C. 2967.28 at the plea hearing resulting in a failure to advise the defendant of the potential maximum penalty."
 Second Assignment of Error
"The trial court failed to notify the defendant at the sentencing hearing pursuant to R.C. 2929.19(B)(3)(b) OF THE POSSIBILITY OF EXTENSION OF the stated prison term by the parole board."
 Third Assignment of Error
"The trial court failed to notify the defendant at the sentencing hearing pursuant to R.C. 2929.19(B)(3)(c) that she would be supervised by under R.C. 2967.28."
 Fourth Assignment of Error
"The trial court failed to notify the defendant at the sentencing hearing pursuant to R.C. 2929.19(B)(3)(e) that the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed for violations of supervision or conditions of post release control under R.C. 2967.131."
 {¶ 5} In all four assignments of error, appellant argues that the trial court failed to properly notify her of the conditions of her post-release control. The State concedes this error, and urges us to remand to the trial court only for the proper instruction to appellant regarding post-release control.
 {¶ 6} In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, the Supreme Court of Ohio found that a trial court must deliver certain statutorily required notifications regarding post-release control to a defendant at the sentencing hearing, saying:
"The reasoning in Comer and Brooks equally applies to R.C. 2929.19(B)(3) — a subdivision that expressly prescribes what a trial court must do `at the sentencing hearing' after it has decided to impose a prison term. Therefore, when sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control * * * and is further required to incorporate that notice into is (sic) journal entry imposing sentence. Here, the trial courts erred by failing to notify Finger and Jordan about postrelease control at the sentencing hearings, despite incorporating that notice into their respective sentencing entries." Id. at ¶ 17.
 {¶ 7} The Jordan court went on to say:
"The court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And based on the reasoning in Beasley, a trial court's failure to notify an offender at the sentencing hearing about postrelease control is error.
"Accordingly, when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at ¶¶ 26-27.
 {¶ 8} In the present case, the trial court failed to notify appellant about post-release control at the sentencing hearing. Accordingly, this Court must vacate appellant's sentence and remand for re-sentencing due to the trial court's failure to give the requisite post-release control notification under Jordan. Appellant's four assignments of error are sustained.
 III. {¶ 9} Accordingly, appellant's sentence is vacated, and the matter is remanded to the trial court for re-sentencing so that the court may properly notify appellant about her post-release control on the record at the sentencing hearing.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, P.J. Whitmore, J. concur.