OPINION
{¶ 1} Defendant-appellant Lawrence Cloud, Jr. appeals the order of the Columbiana County Common Pleas Court which re-sentenced him to four years in prison after this court had reversed and remanded his maximum sentence of five years due to a lack of proper findings and reasons. The first issue presented in this appeal concerns whether the required post-release control notification must be given at the sentencing hearing or whether providing such notice within the sentencing entry will suffice. The second issue concerns whether a trial court can order an indigent felony defendant to pay costs. Due to recent Ohio Supreme Court law, the trial court can order an indigent felony defendant to pay costs, but other Supreme Court case law requires us to reverse and remand this case for resentencing due to the failure to give proper post-release control notification.
 STATEMENT OF FACTS {¶ 2} In July 1997, appellant was indicted for sexual battery in violation of R.C. 2907.03(A)(5), a third degree felony. It was alleged that on January 4, 1997, he engaged in sexual conduct with his fifteen-year-old step-daughter. The victim testified at trial that she awoke to find appellant lying across her leg with one hand on her breast and one hand on her thigh. She said he then inserted his finger into her vagina. On April 28, 1998, a jury found appellant guilty as charged. On June 26, 1998, the court sentenced appellant to five years in prison, the maximum for a third degree felony.
 {¶ 3} Appellant filed timely notice of appeal, resulting in State v.Cloud (Sept. 26, 2001), 7th Dist. No. 98CO51. He made arguments concerning the lack of instructions on voluntary intoxication and alibi, ineffective assistance of trial counsel, insufficient evidence due to intoxication, weight of the evidence, and sentencing. On September 16, 2001, this court held that the trial court failed to set forth the findings required for deviating from the minimum sentence and failed to set forth findings and reasons for imposing the maximum sentence. Id. We affirmed appellant's conviction but reversed and remanded the case for resentencing. Id.
 {¶ 4} A new sentencing hearing was held on November 15, 2001. Defense counsel urged that a minimum sentence of one year should be imposed. The state argued that the original maximum sentence of five years was appropriate. At the hearing and in a judgment entry released the next day, the trial court opined that a minimum sentence would demean the seriousness of the offense and would not adequately protect the public. Instead of re-imposing the maximum sentence by making findings with reasons, the trial court imposed only a four-year sentence. Appellant was ordered to pay costs.
 {¶ 5} Appellant filed timely notice of appeal resulting in the case before us. After being threatened with dismissal, appellant filed a pro se appellate brief in June 2002. Appellant simultaneously asked for appointment of appellate counsel. In August 2002, we appointed the public defender's office as counsel and advised that only appointed counsel's brief would be considered in our review of the appeal. That brief was not filed until April 2003.
 {¶ 6} After the state responded, appellant filed a reply brief stating that the issue in his first assignment of error was pending in the Ohio Supreme Court and the issue in his second assignment of error was about to be accepted as an appeal from a certified conflict. Thus, this court stayed his appeal pending the various Supreme Court decisions directly on point with both assignments of error. When the Supreme Court cases were released in late 2004, we lifted the stay.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 7} Appellant's first assignment of error alleges:
 {¶ 8} "The trial court erred by adding punishment in the judgment entry of sentence."
 {¶ 9} First, appellant complains that the trial court did not mention post-release control in open court at the sentencing hearing but then added post-release control to the judgment entry. Appellant initially argues that post-release control must be imposed at the sentencing hearing.
 {¶ 10} Pursuant to R.C. 2967.28(B)(1), the sentence to a prison term for a felony sex offense shall include a requirement that the offender be subject to postrelease control for five years unless later reduced by the parole board. Thus, the initial imposition of five years of post-release control is a mandatory part of appellant's sentence. R.C. 2929.14(F); R.C. 2967.28(B)(1).
 {¶ 11} The issue revolves around the sentencing court's failure to orally make the statutory notifications regarding post-release control. Specifically, if the sentencing court determines at the felony sentencing hearing, that a prison term is necessary or required, the court shall:
 {¶ 12} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 {¶ 13} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section;
 {¶ 14} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender[.]" R.C.2929.19(B)(3).
 {¶ 15} The Supreme Court recently addressed the issue of whether the sentencing court erred in failing to orally make the post-release control notifications. The Court concluded as follows:
 {¶ 16} "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal." State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, syllabus at ¶ 1, consolidated appeal from two Eighth District cases, State v. Jordan and State v. Finger.
 {¶ 17} Therefore, appellant correctly argues that the trial court committed reversible error when it failed to notify him about post-release control at sentencing. Appellant then contends that we should strike post-release control from his sentence rather than remand for resentencing with proper notification.
 {¶ 18} As a remedy for the sentencing court's failure to properly give notice, the Supreme Court explicitly refused to vacate the post-release control portion of the sentence, as appellant urges this court to do. Rather, the Supreme Court held that the sentence must be vacated and the matter remanded to the trial court for resentencing and proper notification. Id. at ¶ 23, 27.
 {¶ 19} In his supplemental appellate brief, appellant attempts to distinguish his case from Jordan merely because he is no longer in prison as he assumes the Jordan defendants were. He cites R.C. 2967.27(D) in support of his position. However, his cite is apparently incorrect. Rather, it appears he intends to refer to R.C. 2967.28 (D)(1), which provides in part:
 {¶ 20} "Before the prisoner is released from imprisonment, the parole board shall impose upon a prisoner described in division (B) of this section * * * one or more post-release control sanctions to apply during the prisoner's period of post-release control."
 {¶ 21} From this appellant concludes that the parole board only has authority to re-impose (or continue to impose after remand) post-release control on current prisoners, not ex-prisoners.
 {¶ 22} We note that the next section of the statute provides in pertinent part:
 {¶ 23} "At any time after a prisoner is released from imprisonment and during the period of post-release control applicable to the releasee, the adult parole authority may review the releasee's behavior under the post-release control sanctions imposed upon the releasee under this section." R.C. 2967.28(D)(2).
 {¶ 24} According to the Supreme Court's holding in Jordan, the sentencing court can correct its failure to impose post-release control at the sentencing hearing by resentencing the offender on remand. The parole board here already placed appellant on post-release control. This was performed while he was a prisoner. Remand will merely allow his former sentence to be statutorily formalized and validated through proper oral notification. His sentence contained post-release control; it just lacked proper oral notice.
 {¶ 25} Again, appellant was already on post-release control under the statute directing the parole board to do so; the remand merely allows previous procedural deficiencies to be remedied. The parole board acted under a journalized sentence and a statutory mandate while appellant was in prison, and it has continued authority under R.C. 2967.28(D)(2) to conform the continued post-release control to the trial court's new sentencing decision. In fact, the parole board is directed to act based upon the offender's crime, not the court's oral pronouncement. Compare R.C. 2967.28(B)(1) with R.C. 2967.28(D)(2).
 {¶ 26} As aforementioned, imposition of post-release control by the trial court is mandatory. R.C. 2929.14(F); R.C. 2967.28(B)(1). The parole board's obligation to impose post-release control on certain offenders is also mandatory. R.C. 2967.28 (D)(1).
 {¶ 27} In a more practical vein, appellant's arguments were not raised until his supplemental brief and they defy the logical process of a sentencing appeal. This court reversed and remanded appellant's initial five-year sentence. He was imprisoned during that time. He was then resentenced to four years in prison. He appealed this decision, but he delayed the progress of his appeal in various ways.
 {¶ 28} His first brief never mentioned a post-release control issue at all. His next brief, which first raised post-release control notification as an issue, was not even filed until appellant was already released fromprison. Still, he did not make the argument concerning the parole board's inability to continue to execute post-release control over him after he had been released.
 {¶ 29} He later cited us to pending Supreme Court case law prompting us to stay his appeal. Finally, only after the Supreme Court's decision did he cite the postrelease control statute and conjure up the parole board arguments he now relies upon. He did not raise these arguments in his merit brief or his reply.
 {¶ 30} If appellant's theory were valid, then an appellant could attempt to maneuver an appellate court into acting in a manner that erases the Jordan holding and all possibility of post-release control. Under his rationale, the court of appeals would have to screen all incoming criminal appeals for determination of prison sentences and post-release control issues, refuse all requests for extensions by the prisoner himself, avoid all stays based on pending Supreme Court cases, and hurriedly decide these types of cases before the defendant is released from prison.
 {¶ 31} Furthermore, in this appeal, we are dealing with an appeal froma trial court's sentencing decision, which the Supreme Court has held can be reversed and remanded for resentencing. We are not confronted with the scope of the parole board's power in this action. Additionally, we decide an appeal based on the facts existing at the time of the sentence.
 {¶ 32} Finally, we note that Jordan was only sentenced to six months in prison for possession of cocaine. State v. Jordan, 8th Dist. No. 80675, 2002-Ohio-4587, ¶ 1. The trial court notified him of post-release control in its judgment entry but not at the sentencing hearing. The docket in the lower court case shows no evidence that a stay was granted by either the trial court or the appellate court regarding appellant's six-month prison sentence. The Supreme Court case was released reversing and remanding for Jordan's resentencing three years after sentence was imposed. Thus, it is possible that Jordan was not a prisoner at the time his case was remanded by the Supreme Court. Furthermore, the Supreme Court announced its holding with no caveat or exception.
 {¶ 33} For all of the above reasons, this case can be remanded for resentencing. This assignment of error is sustained in part and overruled in part. Specifically, this case is reversed and remanded for a new sentencing hearing where the trial court shall properly notify appellant concerning post-release control.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 34} Appellant's second assignment of error argues:
 {¶ 35} "The trial court erred by imposing costs."
 {¶ 36} Appellant argues that court costs cannot be imposed upon an indigent defendant. He states that application of any law allowing costs to be assessed against him is a violation of due process. He points to Ohio Adm. Code 5120-5-03, which permits withdrawals from a prisoner's account to satisfy any court judgment if the prisoner is left with $10 per month; he then contends that leaving an indigent inmate with $10 a month imposes a hardship. Appellant also cites R.C. 2949.14 and State v.Clark, 4th Dist. No. 02CA12, 2002-Ohio-6684 in support of his position.
 {¶ 37} R.C. 2949.14 provides that the clerk of the court of common pleas shall make an itemized bill, have it certified, and attempt to collect costs from "a nonindigent person" convicted of a felony. Appellant concludes that because this statute mentions only a nonindigent felony defendant, it prohibits collection of costs against an indigent felony defendant.
 {¶ 38} However, R.C. 2947.23(A)(1) provides that in all criminal cases, the judge shall include in the sentence the costs of prosecution and render judgment against the defendant for such costs. We also note that R.C. 2949.092 states that certain mandatory court costs are to be assessed "unless the court determines that the offender is indigent and
the court waives the payment of all court costs imposed upon the offender." (Emphasis added). This language implies that indigency is not the only test in waiving court costs but that the court must also order that it wishes to waive the costs.
 {¶ 39} In fact, the Ohio Supreme Court recently held:
 {¶ 40} "1. A trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence.
 {¶ 41} "2. A clerk of courts may attempt the collection of court costs assessed against an indigent defendant." State v. White,103 Ohio St.3d 580, 2004-Ohio-5989.
 {¶ 42} In making these holdings, the Supreme Court specifically refuted all of appellant's arguments, including those surrounding R.C.2929.14, R.C. 2947.23, and Ohio Adm. Code 5120-5-03. Id. The Court also rejected the Fourth District's Clark case relied upon by appellant herein. As such, this assignment of error is overruled.
 {¶ 43} For the foregoing reasons, the judgment of the trial court is hereby reversed, appellant's sentence is vacated and the case is remanded for resentencing. On remand, the trial court shall give proper notification concerning post-release control, but the court can re-impose court costs.
Waite, J., concurs.
DeGenaro, J., concurs.