OPINION
{¶ 1} Appellant, Russell J. Biondo, after being released from prison, moved the Portage County Court of Common Pleas to terminate his post-release control sanctions based upon the court's failure to advise him, at sentencing, that he would be subject to such sanctions upon release from prison. After a brief hearing, the Portage County Court of Common Pleas concluded it lacked jurisdiction to terminate appellant's post-release control. Appellant now appeals the trial court's judgment and, for the reasons herein, we reverse. *Page 2 
 {¶ 2} On August 17, 2001, appellant was indicted on one count of illegal manufacture of drugs, in violation of R.C. 2925.04, a felony of the second degree; two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(C)(1)(a), a felony of the fourth degree; one count of possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, a felony of the third degree; one count of aggravated possession of drugs, in violation of R.C. 2925.11(C)(1)(a), a felony of the fifth degree; and one count of possessing criminal tools, in violation of R.C. 2923.24(C), a felony of the fifth degree.[1]
 {¶ 3} Appellant entered a plea of not guilty to all charges. However, on November 6, 2001, a plea hearing took place at which appellant withdrew his not guilty plea and pleaded guilty to the aggravated possession of methamphetamine charge. The trial court engaged appellant in a thorough Crim. R. 11 colloquy, and further advised him that, upon his release, he could be placed on post-release control. The trial court further explained the potential effects of violating these sanctions pursuant to R.C. 2943.032(E). Appellant acknowledged that he understood his rights and the effects of waiving the same. The trial court subsequently accepted appellant's plea of guilty and entered a nolle prosequi with regard to the remaining charges.
 {¶ 4} On January 22, 2002, the trial court held a sentencing hearing at which the court ordered appellant to serve a term of six years imprisonment at the Ohio Department of Rehabilitation; appellant was additionally fined $7,500.00. At no point during the sentencing hearing did the trial court advise appellant that he would be subject to post-release control sanctions upon his release from prison. On January 25, *Page 3 
2002, the trial court journalized its sentence which was modified via a nunc pro tunc entry on January 28, 2002. Each judgment entry incorrectly reflected appellant was advised at the sentencing hearing that, upon his release from prison, he "may be supervised under post-release control" pursuant to R.C. 2967.28.
 {¶ 5} Approximately one year after his sentence, appellant filed a motion to pursue a delayed appeal, pursuant to App. R. 5(A), which this court granted. On appeal, appellant challenged the validity of the trial court's acceptance of his guilty plea. In State v. Biondo, 11th Dist. No. 2003-P-0015, 2004-Ohio-528 (Biondo I), this court affirmed appellant's conviction, holding the trial court substantially complied with the non-constitutional requirements of Crim. R. 11(C)(2)(b).Biondo I, at ¶ 12. On May 12, 2004, the Supreme Court of Ohio declined to hear appellant's appeal. State v. Biondo, 102 Ohio St.3d 1448,2004-Ohio-2263.
 {¶ 6} On November 29, 2004, appellant moved the trial court to vacate the court imposed fines and court costs. The trial court overruled the motion without a hearing. On appeal, this court affirmed the trial court's imposition of the mandatory fines and court costs. State v.Biondo (Dec. 19, 2005), 11th Dist. No. 2004-P-112. (Biondo II).
 {¶ 7} On December 7, 2007, appellant completed his prison term, was released, and placed on three years of post-release control under the supervision of the Adult Parole Authority. On February 1, 2008, appellant moved the trial court to terminate the post-release control portion of his sentence arguing its imposition violated notice requirements set forth in both statutory and case law. Following a hearing on the motion, the trial court denied appellant's motion ruling it "had no jurisdiction to terminate post release control." *Page 4 
 {¶ 8} Appellant now appeals pro se and asserts two assignments of error. For ease of discussion, we shall address both assigned errors together.
 {¶ 9} "[1.] [The] trial court erred by ruling that it did not have jurisdiction to terminate defendant's post release control when it had full knowledge that post release control was not part of the sentence ordered by the trial court nor had even mentioned the possibility to the defendant at his sentencing hearing.
 {¶ 10} "[2.] [The] trial court erred by not notifying defendant at [the] sentencing hearing that he will be supervised under post release control upon his release from prison by the Ohio Adult Parole Authority and that if he violated the terms of post release control he could receive up to one half [sic] of his original prison sentence."
 {¶ 11} Appellant asserts, generally, that the trial court's imposition of post-release control sanctions was void to the extent it failed to advise him of such sanctions at the sentencing hearing. Although the trial court retained jurisdiction to correct this error while he was still incarcerated, it failed to do so. Thus, appellant maintains the trial court had jurisdiction over and was obligated to terminate the post-release control sanctions imposed by the Adult Parole Authority after his December 7, 2007 release from prison.
 {¶ 12} R.C. 2929.19(B)(3), the statutory subsection expressly prescribing what a trial court must do at a sentencing hearing, provides, in relevant part:
 {¶ 13} "(3) * * * if the sentencing court determines at the sentencinghearing, that a prison term is necessary or required, the courtshall do all of the following:
 {¶ 14} "* * * *Page 5 
 {¶ 15} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *." (Emphasis added.)
 {¶ 16} Notwithstanding this statutory mandate, the state argues that the Supreme Court's holding in Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171, merely requires the court to inform a defendant of post-release control at either the plea hearing or the sentencing hearing. It asserts that if the court informed the defendant of post-release control at either the plea hearing or the sentencing hearing and properly journalized the notification in its sentencing entry, it has fulfilled its notification requirement. The language upon which the state relies reads:
 {¶ 17} "we hold that pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Because the record clearly indicates that the petitioner was advised of discretionary post-release control both in his signed plea form and in his sentencing entry, we find no violation of the separation of powers in this case." Woods, supra, at 513.
 {¶ 18} In Woods, the Supreme Court was addressing the case of a defendant who had pleaded guilty and was advised at that time of post-release control. However, the issue in Woods was the constitutionality of post-release control. That case did not address the mandates of R.C. 2929.19(B)(3), which specifically requires notification of post-release control to be addressed at the time of sentencing. Because the General Assembly enacted a statute requiring notification at the sentencing hearing, we believe the state's reliance uponWoods is inapposite. In fact, several years subsequent to its *Page 6 
holding in Woods, the Supreme Court released its holding in State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, which addressed, inter alia, the specific issue of whether a trial court must notify an offender of post-release control at the time of the sentencing hearing
 {¶ 19} In Jordan, similar to the case sub judice, the trial court failed to notify the defendant of post-release control requirements at the time of sentencing, but incorporated that notice into its sentencing entry. The court concluded this procedure was invalid, holding:
 {¶ 20} "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Id at paragraph one of the syllabus.
 {¶ 21} Pursuant to R.C. 2929.19(B)(3)(c), the court observed, the trial court has "a statutory duty to provide notice of postrelease control at the sentencing hearing" and "any sentence imposed without such notification is contrary to law." Jordan, supra, at 27. The court held that such circumstances require the sentence to be vacated and the matter remanded for resentencing. Id. at paragraph two of the syllabus.
 {¶ 22} Jordan was decided after Woods. Moreover, Woods addressed only the constitutionality of post-release control while Jordan directly ruled upon the necessary steps for compliance for notification regarding post-release control during the sentencing process. Although theWoods court did comment on the procedural issue of notification, it did so without touching upon the mandates of R.C. 2929.19(B)(3)(c).[2] *Page 7 
The Supreme Court in Woods was not asked to resolve the procedural questions with which it was confronted in Jordan. Thus, it is reasonable to conclude any discussion or perceived holding relating to the procedural nuances of the notification process for post-release control in Woods was superseded by the precise holding in Jordan. See State v.Harris, 160 Ohio App.3d 851, 2005-Ohio-2503, at ¶ 16 (holding the ruling in Jordan superseded the position taken in Woods regarding the notification procedure.) Accordingly, we hold the law set forth inJordan is controlling on the issue before this court. See, also,Harris, supra; State v. Cloud, 7th Dist. No. 01 CO 64, 2005-Ohio-1331, at ¶ 10-33; State v. Weems, 9th Dist. No. 22192, 2005-Ohio-1000, ¶ 7-8;State v. Parrett, 12th Dist. No. CA2004-09-016, 2005-Ohio-557, at ¶ 18.
 {¶ 23} As we hold Jordan is the controlling authority regarding notification during the sentencing process, it is necessary, given the issue before this court, to touch upon several recent cases in which the Supreme Court has clarified certain nuances surrounding Jordan.
 {¶ 24} First, in Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, the defendant was sentenced to seven years in prison. No post-release control notice was provided at the sentencing hearing or in the judgment entry. The defendant was ultimately released from prison under post-release control which he subsequently violated and was returned to prison for 180 days. The defendant sought habeas relief challenging the Adult Probation Authority's power to originally place him on post-release control. Pursuant to its holding in Jordan, the Supreme Court held that unless a trial *Page 8 
court includes notification of postrelease control at the sentencing hearing and in the
journal entry, the Adult Parole Authority lacks authority to impose post-release control. Id. at 397. Because the defendant had served his seven year term of incarceration, the Court determined he was entitled to be released from prison and from further post-release control. Id. at 401.[3]
 {¶ 25} Next, in State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, a criminal defendant filed a writ of prohibition to prevent a trial judge from re-sentencing him to correct a prior sentencing entry which had omitted a written statement regarding post-release control. The Supreme Court recognized that a trial court generally lacks authority to reconsider its own valid final judgment in a criminal case; however, the Court emphasized that a trial court nevertheless retains continuing jurisdiction to correct a void sentence. As the trial court failed to properly comply with the statutorily mandated notification requirements relating to post release control, the sentence was void. Id. at 356. Because the defendant was still serving his sentence, the Court held, pursuant to Jordan, the proper remedy was to resentence the defendant. Id. at 357.
 {¶ 26} Most recently, in State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, the state moved to resentence the defendant, pursuant toJordan, supra, prior to his release from prison to provide the proper post-release control notification that was lacking from his original sentencing procedure. In doing so, the trial court provided the *Page 9 
defendant with appropriate post-release control notification. The defendant challenged this procedure alleging the state was barred by res judicata from resentencing him as he had a cognizable interest in the finality of his sentence.
 {¶ 27} The Supreme Court determined, even though the defendant had completed a "substantial majority" of his sentence, the state was not barred by res judicata from resentencing him. The court observed that because the sentence did not conform to statutory mandates requiring the imposition of post-release control, it was void and must be vacated. Id. at 425. The effect of vacating the sentence placed the parties "in the same position as they were had there been no sentence." Id. Without a valid former adjudication (or, where no statutory authority exists to support a sentence), res judicata did not act to bar the trial court from resentencing the defendant to the extent he was still incarcerated for that conviction. Id. 426-427.
 {¶ 28} The following conclusions can be drawn from the authority discussed above. First, a court must advise a defendant that post-release control sanctions will be a part of his or her sentence at the sentencing hearing and journalize a similar notification in its judgment entry on sentence. Jordan, supra. The failure to do so renders a defendant's sentence void. Cruzado, supra; Simpkins, supra. To the extent a defendant is still incarcerated, the state may move the trial court to resentence the defendant because the trial court retains continuing jurisdiction over a criminal matter for purposes of correcting a void judgment. Jordan, supra; Hernandez, supra;Cruzado, supra; Simpkins, supra. However, where a defendant has served his term of incarceration on the underlying sentence, the parole authority lacks the authority to impose post-release control upon a defendant and there can be no remand for *Page 10 
resentencing. Hernandez, supra; Cruzado, supra. Under such circumstances, the defendant who has served his prison term is entitled to release from post-release control. Id.
 {¶ 29} Here, the trial court did not comply with R.C. 2929.19(B)(3)(c), which requires it to notify appellant of post-release control at the sentencing hearing. As it failed to follow a statutory mandate, the sentence was rendered void. At no point during his term of incarceration was the matter remanded to the trial court to correct this error. Appellant served his term of imprisonment set forth in the journalized sentencing entry after which, the record suggests, the Adult Parole Authority attempted to impose post-release control. Pursuant toJordan and its progeny, the parole authority lacked the power to act as it did. Any attempt to place appellant on post-release control is based upon authority of a judgment entry which is a legal nullity. Appellant is therefore entitled to release of any post-release control as it relates to the sentencing judgment entered on January 28, 2002.
 {¶ 30} One final point deserves brief attention. Appellant failed to raise this issue before this court on direct appeal even though it was apparent at the time appellant prosecuted his appeal. Generally, "`errors in sentencing that are reflected in the record are waived, and res judicata applies, when a defendant fails to raise them in a direct appeal.'" State v. Vasquez, 11th Dist. No. 2006-A-0073, 2007-Ohio-2433, at ¶ 27, quoting State v. Roop, 2d Dist. No. 2003-CA-23, 2004-Oho-1025. It is well-established that res judicata will apply to a voidable sentence and may operate to prevent review of a collateral attack based on a claim that could have been raised on direct appeal from a voidable sentence. Simpkins, supra at 426, citing State v. Perry (1967), *Page 11 
10 Ohio St.2d 179. However, the part of appellant's sentence imposing post-release control is void and the imposition of post-release control did not become a valid aspect of his sentence simply because he did not directly appeal the sentence or because he completed his prison term.Vasquez, supra, at ¶ 30. As it relates to void sentences, the doctrine of res judicata is inapplicable. Simpkins, supra, at 425. Where, as here, no statutory authority exists to support a judgment, res judicata will not preclude the correction of the error. Simpkins, supra, at, 426; see, also, State v. Barnes, 11th Dist. No. 2006-P-0089, 2007-Ohio-3362, at ¶ 50.
 {¶ 31} Finally, with respect to jurisdiction, the Supreme Court of Ohio has repeatedly held that a trial court's jurisdiction over a criminal case is limited after it renders judgment, but it retains continuing jurisdiction to correct a void sentence and is authorized to do so. Simpkins, supra, at 425; Cruzado, supra, at 356; Jordan, supra, at 27. In fact, the Court in Simpkins underscored, a trial court "has an obligation to do so when its error is apparent." Id. Accordingly, as the trial court's judgment on sentence was void, its conclusion that it did not have jurisdiction to terminate appellant's post-release control sanctions is incorrect. The Adult Parole Authority imposed the three year term of post-release control under the color of the authority of the trial court's January 28, 2002 judgment entry on sentence. As this sentence was void, the trial court retained limited continuing jurisdiction to correct any errors. Under the circumstances, the only way of correcting the error was through the termination of appellant's void post-release control.
 {¶ 32} Appellant's first and second assignments of error have merit. *Page 12 
 {¶ 33} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed. The three years of post-release control imposed by the Adult Parole Authority pursuant to appellant's 2002 Portage County conviction following his guilty plea for aggravated possession of methamphetamine is invalid and hereby terminated.
DIANE V. GRENDELL, P.J., COLLEEN MARY O'TOOLE, J., concur.
[1] On October 19, 2001, an amended indictment was issued, charging appellant with another count of aggravated possession of methamphetamine, in violation of R.C. 2925.11(C)(1)(a), a felony of the second degree.
[2] It is worth pointing out that R.C. 2943.032(E) additionally requires a court to inform a defendant of post-release control at the plea hearing. Courts have held that a trial court's failure to inform a defendant at the time he or she enters a plea that post-release control as an aspect of his sentence requires the plea to be vacated because it was not entered knowingly or intelligently. State v. Pendleton, 8th Dist. No. 84514, 2005-Ohio-3126, at ¶ 13; see, also, State v.Perdue, 2d Dist. No. 20234, 2004-Ohio-6788, at ¶ 17. Thus, not only must a court notify a defendant at the sentencing hearing and in its journal entry on sentence, but also, where applicable, prior to accepting his or her plea.
[3] We recognize that Hernandez has been technically superseded by the General Assembly's enactment of R.C. 2929.191, which permits a sentencing court to correct a sentence issued before the statute's effective date, that failed to notify the offender he would be supervised under post-release control when he is released from prison at a hearing. See R.C. 2929.191(A)(1) and (C). The R.C. 2929.191 hearing must occur "at any time before the offender is released from imprisonment under that term. * * *." R.C. 2929.191(A)(1). Hence, the analysis in Hernandez concluding a defendant who has been released from imprisonment without sufficient notification of post-release control may not be subject to such sanctions is still ostensibly valid. *Page 1