[Cite as *State v. Ferris*, 2017-Ohio-5664.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA27 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| CHARLES A. FERRIS, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 06/23/17** |

_____

APPEARANCES:

Gene Meadows, Portsmouth, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jeffrey
M. Smith, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio,
for Appellee.

_____

McFarland, J.

{¶1} Charles Ferris appeals the judgment of the Lawrence County
Court of Common Pleas convicting him of two counts of rape in violation of
R.C. 2907.02(A)(1)(b), with specifications, both first degree felonies, and
sentencing him to two terms of twenty-five years to life in prison, to be
served concurrently, along with five years of mandatory post-release control.
On appeal, Appellant contends that the trial court erred in failing to properly
advise him of post-release control, which he claims renders his conviction
partially void. Because the record confirms the trial court failed to advise

Appellant during the sentencing hearing that he would be subject to a mandatory five-year period of post-release control, the post-release control portion of Appellant's sentence is void. Accordingly, the post-release control portion of Appellant's sentence must be set aside and this matter must be remanded for resentencing as to post-release control.

## FACTS

{¶2} The parties agree on the following facts:

"On or about June 10, 2016 a complaint [w]as made that the Defendant-Appellant had been molesting a 9 year old female for several years. The Lawrence County Sheriff's Office investigated the complaint and detained the Defendant-Appellant, Charles Ferris.

The Defendant-Appellant was interviewed by deputies from the Lawrence county Sheriff's Office. During an initial interview that was audio recorded the Defendant-Appellant made admissions by nonverbal communications with the deputy. The deputies later conducted an interview that [w]as both video and audio recorded. The Defendant-Appellant admitted to having 'play time' with the alleged victim and that it had been ongoing since 2008.

On or about June 29, 2016 the Defendant was indicted for fifty-four counts of rape in violation of RC 2907.02, a felony of the first degree.  On or about November 3, 2016, the Defendant was sentenced on two counts of rape, Count 1 and Count 2 of the indictment, a violation of RC 2907.02.  All other counts of the indictment were dismissed.

The Defendant was sentenced to 25 years to life on each count to run concurrently.  Although the notice of post release control is stated in the Judgment Entry filed herein on November 8, 2016, there is no mention of the post release control [in] the sentencing hearing held on November 3, 2016.

A timely notice of appeal was filed."

{¶3}  Although the State agrees with this recitation of the facts, it points out that "upon pleading guilty to the amended indictment under this negotiated plea and sentence, the defendant was notified by the Court that he would be subject to a mandatory five year post release control."  In his timely appeal, Appellant sets forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.   THE TRIAL COURT ERRED IN FAILING TO PROPERLY
      ADVISE DEFENDANT-APPELLANT OF POST RELEASE

CONTROL RENDERING DEFENDANT-APPELLANT'S CONVICTION PARTIALLY VOID."

LEGAL ANALYSIS

{¶4} In his sole assignment of error, Appellant contends the trial court erred by failing to properly advise him of post-release control, an error which he claims rendered his convictions partially void.[1] Although the State points out that Appellant was notified of post-release control during his guilty plea hearing, it concedes that the trial court failed to advise Appellant of post-release control during the sentencing hearing.

{¶5} "Generally, when reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Baker*, Athens No. 13CA18, 2014-Ohio-1967, ¶ 25. *See also State v. Brewer*, Meigs No. 14CA1, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33 ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' ").

---

[1] Although Appellant's assignment of error alleges a post-release control error rendered his "convictions" partially void, the argument portion of his brief consistently argues the error rendered the only the post-release control portion of his sentence void. As such, we construe his argument to be that only the post-release control portion of his sentence is void, and not the findings of guilt or other lawful elements of his convictions and sentences.

{¶6} Under R.C. 2953.08(G)(2), we may only modify or vacate a defendant's sentence if we find, clearly and convincingly, that: (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law." We recognize that this is an "extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21. Although *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, may not provide the standard of review framework for reviewing felony sentences, it does provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *See State v. Lee*, 12th Dist. Butler No. CA2012–09–182, 2013-Ohio-3404, ¶ 10. According to *Kalish*, a sentence is not clearly and convincingly contrary to law when the trial court considered the purposes and principles set forth in 2929.11, as well as the factors listed in R.C. 2929.12, properly applies post-release control, and sentences within the permissible statutory range. *Id.*; *See also State v. Kalish*, at ¶ 18.

{¶7} Here, although the judgment entry stated Appellant was to be subject to a mandatory five-year term of post-release control, the trial court did not notify Appellant of this fact on the record during the sentencing hearing. "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about

post-release control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016-Ohio-1007, ¶ 26; quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. Under R.C. 2929.19(B)(2)(c) and (e), a trial court must notify certain felony offenders at the sentencing hearing that: (1) the offender is subject to statutorily mandated post-release control; and (2) the parole board may impose a prison term of up to one-half of the offender's originally-imposed prison term if the offender violates the post-release control conditions.

{¶8} With respect to the State's notation that Appellant was informed that he would be subject to post-release control during his plea hearing, we cannot conclude that such notice satisfies the statutorily required notice that must be provided at the sentencing hearing. *State v. Biondo*, 11th Dist. Portage No. 2008-P-0028, 2008-Ohio-6560, FN. 2 ("not only must a court notify a defendant at the sentencing hearing and in its journal entry on sentence, but also, where applicable, prior to accepting his or her plea."); *see also State v. Delventhal*, 8th Dist. Cuyahoga No. 81034, 2003-Ohio-1503, ¶ 6 ("Informing a defendant of post-release control at sentencing cannot validate a guilty plea entered without such knowledge, nor can information

at a plea hearing substitute for the actual imposition of sentence required under R.C. 2929.19(B)(3) [now R.C. 2929.19(B)(2)(c)].").

{¶9} However, not only is a trial court required to notify the offender about post-release control at the sentencing hearing, it is also required to incorporate that notice into its journal entry imposing sentence. The main focus of the post-release control sentencing statutes is on the notification itself and not on the sentencing entry. *State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014-Ohio-3389, ¶ 36 (internal citations omitted). "When a trial court fails to provide the required notification at either the sentencing hearing or in the sentencing entry, *that part of the sentence* is void and must be set aside." *Id.* at ¶ 37; citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 27-29; *see also State v. Adams*, 4th Dist. Lawrence No. 15CA2, 2016-Ohio-7772, ¶ 87. Further, " '[i]n most cases, the prison sanction is *not* void and therefore "only the offending portion of the sentence is subject to review and correction." ' " *Id.*; quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7; in turn quoting *Fischer* at ¶ 27.

{¶10} Because the record confirms the trial court failed to advise Appellant of post-release control during the sentencing hearing, which constitutes a notification error, that portion of his sentence is void, must be set

aside and the matter remanded for a resentencing hearing in accordance with

R.C. 2929.191. *State v. Adams, supra,* at ¶ 87.  Accordingly, Appellant's sole

assignment is error is sustained, to the extent it argues the post-release control

portion of his sentence, rather than his convictions, has been rendered void as

a result of this error.

**JUDGMENT AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING. Appellant shall recover any costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**