DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. A jury previously found Danny A. Morrison, defendant below and appellant herein, guilty of (1) the illegal manufacture of drugs in violation of R.C. 2525.04, and (2) the possession of criminal tools in violation of R.C. 2923.24.
 {¶ 2} Appellant takes issue with his re-sentencing and assigns the following error for review:
 "THE TRIAL COURT ERRED WHEN IT IMPOSED A POST-RELEASE CONTROL SANCTION ON *Page 2 
MORRISON, WHEN THAT SANCTION HAD NOT BEEN INCLUDED IN MORRISON'S ORIGINAL SENTENCE, AND WHEN MORRISON HAD ALREADY COMPLETED SERVING THE SENTENCE IMPOSED. THIS ERROR CONTRAVENED THE DUE PROCESS CLAUSES AND THE DOUBLE JEOPARDY CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS."
 {¶ 3} In 2003, the Highland County Grand Jury returned an indictment that charged appellant with (1) the illegal manufacture of drugs, (2) the illegal assembly or possession of chemicals to manufacture drugs, and (3) the possession of criminal tools. After a two day trial, the jury found appellant guilty of illegally manufacturing drugs and the possession of criminal tools, but acquitted him on the illegal assembly or possession of chemicals to manufacture drugs charge.
 {¶ 4} The trial court sentenced appellant to: (1) serve four years in prison for the illegal manufacture of drugs; (2) serve six months in prison for the criminal tools offense; (3) serve the prison sentences consecutively to one another; and (4) pay a $7,500 fine. We affirmed appellant's conviction, but vacated the fine and reversed the consecutive sentences because the trial court did not comply with R.C.2929.19. Thus, we remanded the matter for re-sentencing. See State v.Morrison, Highland App. No. 03CA13, 2004-Ohio-5724.
 {¶ 5} On December 14, 2004, the trial court sentenced appellant to serve the same prison terms, but ordered the sentences to be served concurrently rather than consecutively. Appellant returned for another re-sentencing in April 2007 when the court imposed the same concurrent prison sentences, but also imposed a post-release control sanction. This appeal followed.
 {¶ 6} Appellant asserts in his assignment of error that the imposition of the post-release control sanction is improper because appellant has already finished *Page 3 
serving his sentence and the trial court cannot, retroactively, impose post-release control. Appellee concedes this assignment of error in its brief. In light of that concession, and considering that the record appears to support appellant's argument, we agree.
 {¶ 7} Therefore, appellant's assignment of error is well taken and is hereby sustained and the post-release control sanction portion of the sentence is hereby reversed and vacated.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Harsha, J. Kline, J.: Concur in Judgment Opinion *Page 1