DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. In 1997, Appellant, Craig E. Bundy, pled guilty to (1) assault on a peace officer, a felony of the fourth degree in violation of R.C. 2903.13(A); and (2) kidnapping, a felony of the first degree in violation of R.C. 2905.01(A)(2). After Appellant had already served the sentences imposed in connection with these crimes, Appellant was re-sentenced *Page 2 
in 2008. Appellant takes issue with his re-sentencing and assigns the following error for our review:
I. "THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND TWICE PLACED IN JEOPARDY WHEN HE WAS RE-SENTENCED TO A MANDATORY PERIOD OF POST-RELEASE CONTROL AFTER HAVING ALREADY SERVED HIS ORIGINAL SENTENCE."
 {¶ 2} In 1997, the Adams County Grand Jury returned an indictment that charged Appellant with (1) assault on a peace officer; (2) kidnapping; and (3) escape. Appellant entered into an agreement with the State wherein he agreed to plead guilty to assault on a peace officer and kidnapping in exchange for the dismissal of the escape charge. Upon entering pleas of guilt to both charges, the trial court sentenced Appellant to serve a nine year term of imprisonment for assault on a peace officer and an eighteen month term of imprisonment for kidnapping, to be served consecutively. The sentence did not include a period of mandatory post-release control. After Appellant had already completed his sentences, he was re-sentenced on August 4, 2008, to a mandatory period of five years of post-release control. It is from this re-sentencing that Appellant brings his timely appeal, asserting a single assignment of error, as set forth above.
 {¶ 3} Appellant asserts in his assignment of error that the imposition of the post-release control sanction is improper because he has already finished *Page 3 
serving his sentence and the trial court cannot, retroactively, impose post-release control, relying on our prior holding in State v.Morrison, Highland App. No. 07CA5, 2007-Ohio-7016, in support. See, also, State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197,884 N.E.2d 568 (holding that "[i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed hissentence") (Emphasis added). Appellee concedes this assignment of error in its brief. In light of that concession, as well as the holdings inMorrison and Simpkins, supra, and considering that the record appears to support Appellant's argument, we agree.
 {¶ 4} Therefore, Appellant's assignment of error is well taken and is hereby sustained. Accordingly, the post-release control sanction imposed during re-sentencing is hereby reversed and vacated.
 JUDGMENT REVERSED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1